# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK          INDEX NO.
COUNTY OF NEW YORK
-------------------------------------------------------------------x
TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY,

                               Plaintiff,          **SUMMONS**

        -against-          <u>Plaintiff Designates:</u>
New York County
LIBERTY INSURANCE CORP.,          as the place of trial

                               Defendant.          The basis of venue
-------------------------------------------------------------------x          is the underlying
Bodily Injury Action

To the above-named defendant(s):

       **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiff's Attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated:  Melville, N.Y.
         July 5, 2022

                                   Yours, etc.,
                                   Shein Johnson P.C.

                                   *Jeffrey S. Shein*

<u>Defendant(s) Address(es):</u>            Jeffrey S. Shein
Liberty Insurance Corp.          Attorneys for the Plaintiff
175 Berkeley Street          20 Broad Hollow Road-Suite 1003
Boston, MA 02116          Melville, N.Y. 11747
*c/o NYS Department of Financial Services*          (516) 922-6626
                                   File #: 0921-4045-CTA

**NOTE:**  **The nature of this action is Declaratory Judgment.**
              **Upon your failure to appear, judgment will be taken against you by default.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
    INDEX NO.

------------------------------------------------------------------x

TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY,

                  Plaintiff,

**VERIFIED
COMPLAINT**

-against-

LIBERTY INSURANCE CORP.,

                  Defendant.

------------------------------------------------------------------x

The Plaintiff, **TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY**, by its attorneys, Shein Johnson P.C., in an action for a Declaratory Judgment, complaining of the defendant, alleges the following:

## AS AND FOR A FIRST CAUSE OF ACTION

1.      That at all times hereinafter mentioned, the Plaintiff, **TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY** (hereinafter referred to as "**TBTA**"), was/is an affiliate agency of the Metropolitan Transportation Authority, and it was/is duly constituted and existing by and under the laws of the State of New York.

2.      That, upon information and belief, and at all times hereinafter mentioned, the Defendant, **LIBERTY INSURANCE CORP.** (hereinafter referred to as "**LIBERTY**"), was/is a domestic insurance carrier duly authorized and licensed by the Department of Financial Services of the State of New York to issue general liability policies of insurance within the State of New York.

3.      That, upon information and belief, and at all times hereinafter mentioned, the Defendant, **LIBERTY**, was/is a foreign insurance carrier duly authorized and licensed by the Department of Financial Services of the State of New York to issue general liability policies of insurance within the State of New York.

4.     That at all time hereinafter mentioned, Ahern Painting Contractors, Inc., entered into a written agreement(s) with the Plaintiff and/or its parent authority, the Metropolitan Transportation Authority, to provide work, labor, and/or services at or about the Verrazano-Narrows Bridge between, and in, Kings County and Richmond County, City and State of New York, which agreement(s) is/are identified as Contract VN-32/VN-49X.

5.     That, at all times hereinafter mentioned, the defendant, **LIBERTY**, issued a commercial general liability policy of insurance to Ahern Painting Contractors, Inc. denoted as Policy Number TB7-611-C0J8L4-030 which policy was, upon information and belief, in full force and effect on May 14, 2021.

6.     That the aforesaid policy of insurance issued by the defendant, **LIBERTY**, names the Plaintiff herein as an additional insured with respect to general liability and pursuant to the requirements and obligations set forth in the applicable terms and provisions of the aforesaid Contract VN-32/VN-49X and other applicable written agreements including subcontracts.

7.     That the aforesaid written agreement(s) require(s) Ahern Painting Contractors, Inc. to indemnify and to save the **TBTA** harmless from all losses and liabilities upon any and all claims and expenses, including, but not limited to attorney's fees, on account of injuries occurring pursuant the work, labor, and/or services provided pursuant to Contract VN-32/VN-49X, and other applicable written agreements including subcontracts.

8.     That a Summons & Complaint captioned "Joseph McNamara v. Triborough Bridge and Tunnel Authority", which is venued in the Supreme Court of the State of New York, NEW YORK County under Index #: 157369/21, has been served upon the **TBTA**.

2

A copy of the Summons & Complaint is annexed as **Exhibit "A"** and is incorporated herein by reference.

9.      That the aforesaid Complaint seeks, inter-alia damages as a result of injuries alleged to have been sustained by the Plaintiff, Joseph McNamara, as a result of an incident that he claims to have been involved in on the 14th day of May, 2021 on or about the Verrazano-Narrows Bridge.

10.     That a dispute has arisen with respect to whether the defendant, **LIBERTY**, is obligated to defend and to indemnify the **TBTA** herein, and to acknowledge its additional insured status without reservation in the event that the Plaintiff, Joseph McNamara, in the companion bodily injury action should recover against the **TBTA**.

11.     That the Plaintiff in this Declaratory Judgment action maintains that the obligations to defend and to indemnify it in the aforesaid underlying action, and to acknowledge its additional insured status without reservation is with the Defendant, **LIBERTY**, herein.

12.     That upon the commencement of the underlying claim, the obligation to defend and to indemnify the **TBTA**, and to acknowledge its additional insured status without reservation, was tendered to the Defendant, **LIBERTY**, and to date, this Defendant has failed to undertake its obligations.

13.     That this action for a Declaratory Judgment has been commenced so that the Court may determine the respective rights, duties, and liabilities of the Defendant, **LIBERTY**, with respect to the underlying bodily injury action commenced by Joseph McNamara.

14.     That the Plaintiff, **TBTA**, respectfully requests a judgment declaring that the obligations of its defense and indemnification, and a determination as to its additional

3

insured status without reservation should be undertaken, assumed, and acknowledged by the Defendant, **LIBERTY**.

15.     That this Declaratory Judgment is sought because the Plaintiff does not otherwise have an adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION

16.     That the Plaintiff repeats and reiterates each and every allegation set forth in paragraphs "1" through "15" as if more fully set forth at length herein.

17.     That the TBTA has incurred legal and other expenses in defending against the claims of the Plaintiff, Joseph McNamara, in the underlying bodily injury action; the prosecution of an impleader action against Ahern Painting Contractors, Inc.; as well as in the prosecution and maintenance of the instant action, as a result of the failure of **LIBERTY** to assume its obligations pursuant to the written agreement(s) between the parties and the policy of insurance.

18.     That **LIBERTY** is obligated to reimburse the **TBTA** for all expenses incurred in defending the underlying bodily injury action, as well as for the costs of bringing and maintaining this suit.

WHEREFORE the Plaintiff, **TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY**, demands a Declaratory Judgment setting forth the rights, duties, and liabilities of the parties as set forth and requested in the written complaint, and further declaring that the defendant, **LIBERTY INSURANCE CORP.** is obligated to reimburse the Plaintiff for expenses incurred in the defense of the underlying bodily injury action, and in bringing and maintaining this action, and for such other and further relief as the Court may deem just and proper.

Dated:   Melville, N.Y.
           July 5, 2022

4

Yours, etc.,
Shein Johnson P.C.

*Jeffrey S. Shein*

   Jeffrey S. Shein
Attorneys for the Plaintiff
20 Broad Hollow Road-Suite 1003
Melville, N.Y. 11747
(516) 922-6626
Our File No.: 0921-4045-CTA

<u>Defendant(s) Address(es)</u>:
Liberty Insurance Corp.
175 Berkeley Street
Boston, MA 02116
*c/o NYS Department of Financial Services*

**5**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X

TRIBOROUGH BRIDGE AND TUNNEL
AUTHORITY,

                       Plaintiff/Petitioner,

**Index No.: __**

        -against-

LIBERTY INSURANCE CORP.,

                       Defendant/Respondent.

-------------------------------------------------------------------X

## NOTICE OF COMMENCEMENT OF ACTION SUBJECT
## TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

**Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply

with e-filing requirements. [Section 202.5-bb(e)]

**Parties not represented by an attorney: Unrepresented litigants are exempt from efiling. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in efiling.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efileunrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time, However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: July 5, 2022

*Jeffrey S. Shein*

JEFFREY S. SHEIN
SHEIN JOHNSON P.C.
20 BROAD HOLLOW ROAD, Suite 1003
Melville, NY 11747
516-922-6626
jshein@sheinandassociates.com

**Defendant(s) Address(es):**

Liberty Insurance Corp.
175 Berkeley Street
Boston, MA 02116
*c/o NYS Department of Financial Services*

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK, COUNTY OF SUFFOLK ss:

**JEFFREY S. SHEIN, ESQ.,** the undersigned, an attorney duly admitted to practice law in the Courts of the State of New York, and one of the attorneys for the Plaintiff, the **TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY**, in the within action, states that I have read and know the contents of the foregoing **SUMMONS & COMPLAINT** and that the same is true to my knowledge except as to matters alleged to be upon information and belief, and as to those matters, I believe them to be true. Your affiant further states that the grounds of my belief, as to all matters therein not stated upon my own knowledge, are investigations and reports which have been made concerning the subject matter of the within action, which are in possession of the undersigned attorney of record and with which your affiant is familiar.

The reason that this Verification is made by the undersigned, instead of the aforementioned Plaintiff is because said Plaintiff is not within the County of Suffolk where the attorney of record maintains his offices.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Melville, N.Y.
July 5, 2022

*Jeffrey S. Shein*

Jeffrey S. Shein

Index No.          Year    **2022**
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY,

                                        Plaintiff,

              -against-

LIBERTY INSURANCE CORP.,

                                        Defendant.

---

### SUMMONS & VERIFIED COMPLAINT
### WITH NOTICE OF MANDTORY COMMENCEMENT

---

**SHEIN JOHNSON P.C.**
Attorneys for the Plaintiff
20 Broad Hollow Road-Suite 1003
Melville, N.Y. 11747
(516) 922-6626
Fax No. (516) 922-2797

---

To
Attorney(s)

---

That your affiant hereby certifies that to the best of my knowledge, information and belief, which were formed after an inquiry reasonable under the circumstances that the presentation of the paper and the contentions contained therein are not frivolous as defined in Rules of the Chief Administrator §130-1.1(c).

Dated:  **July 5, 2022**

                                   *Jeffrey S. Shein*

                                   **Jeffrey S. Shein, Esq.**

---

Service of a copy of the within                                is hereby admitted.
Dated,

                         _____

---

Sir:--Please take notice
____   NOTICE OF ENTRY
that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named Court on                          200

____   NOTICE OF SETTLEMENT
that an Order                                of which the within is a true copy will be presented for
settlement to the HON.                                              one of the Judges
of the within named Court, at
on                    200      at          A.M.

Dated,                              Yours, etc.
                                    Shein Johnson P.C.

AUG 17 '21 PM2:31

RBH RM

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------X
JOSEPH MCNAMARA,

                            Plaintiff,

             -against-

TRIBOROUGH BRIDGE AND TUNNEL
AUTHORITY,

                        Defendant,

--------------------------------------------------------------X

Index No. 157369/21
Date Purchased: 8/6/21
Plaintiff designates New York
County as place of trial.

**SUMMONS**

Basis of venue is defendant's
principal office 2 Broadway,
New York, New York per
CPLR section 505 (a)

Plaintiff resides at:
68 Woehrle Avenue
Staten Island, NY 10312

To the above named Defendant:

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Queens, New York
      August 6, 2021

                                   KAZMIERCZUK & McGRATH

              By:    Joseph Kazmierczuk
                      Attorneys for Plaintiff
                      103-16 Metropolitan Avenue
                      Forest Hills, New York 11375
                      (718) 441-5460

Defendant's Address:

Triborough Bridge and Tunnel Authority
2 Broadway
New York, New York 10038



ACCEPTED FOR

AUG 1 7 2021

TBTA ONLY

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X Index No. 157369 /21
JOSEPH MCNAMARA,

                        Plaintiff,

          -against-                        **VERIFIED COMPLAINT**

TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY,

                        Defendant.
-------------------------------------------------------------------X

       The plaintiff, by his attorneys, *KAZMIERCZUK & MCGRATH*, as and for his Verified

Complaint against the defendant herein, respectfully sets forth and alleges the following, upon

information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION ON
### BEHALF OF PLAINTIFF JOSEPH MCNAMARA

    1.     That at all times hereinafter mentioned plaintiff Joseph McNamara was a resident of

the County of Richmond, State of New York.

    2.     That at all times hereinafter mentioned, defendant Triborough Bridge and Tunnel

Authority, was and still is a Public Authority duly organized and existing under and by virtue of the

laws of the State of New York.

    3.     That on June 16, 2021 and within 90 days of the incident complained of herein,

plaintiff duly served upon the defendant Triborough Bridge and Tunnel Authority a Notice of Claim

in writing setting forth the name and post office address of the claimant, the nature of the claim, the

time when, the place where and the manner in which the claim arose and the items of damage.

    4.     That the Plaintiff has not been requested by the Triborough Bridge and Tunnel

Authority to appear for a hearing pursuant to the General Municipal Law.

    5.     That more than 30 days have elapsed since the demand and/or claim upon which this

action is founded was presented to the Triborough Bridge and Tunnel Authority by its designated officer and the authority has neglected or refused to make an adjustment or payment thereof.

6.     That this action is being commenced within one year of the date of the occurrence.

7.     That at all times hereinafter mentioned defendant Triborough Bridge and Tunnel Authority owned, operated and maintained the Verrazano-Narrows Bridge.

8.     That on May 14, 2021 the Verrazano-Narrows Bridge was undergoing construction/renovation.

9.     That on and prior to May 14, 2021 defendant Triborough Bridge and Tunnel Authority was in charge of, supervised, managed, controlled, inspected and directed the work being performed at the aforementioned construction site and employed superintendents, officers, agents, servants, and/or employees and generally supervised and directed the work at the aforementioned location.

10.     That on or prior to May 14, 2021, Triborough Bridge and Tunnel Authority entered into a contract for certain work, labor and services at the aforementioned location.

11.     That on or prior to May 14, 2021 defendant Triborough Bridge and Tunnel Authority entered into a contract with Northeast Structural Steel to perform certain work, labor and services at the aforementioned location.

12.     That on May 14, 2021 plaintiff Joseph McNamara was lawfully upon the aforementioned construction site as an employee of Northeast Structural Steel.

13.     That on May 14, 2021 while plaintiff Joseph McNamara was lawfully working, when he slipped and a 300 pound steel plate fell onto him causing injuries to his left knee, nerves and associated ligament and tendons, by reason of the carelessness and negligence of the defendant herein and through no fault of his own.

Case 1:22-cv-07209-VSB   Document 1-1   Filed 08/24/22   Page 15 of 22

14.     That the aforesaid occurrence and resultant injuries to plaintiff were caused wholly and solely, through and by reason of the carelessness, recklessness and negligence of the defendant, its agents, servants and/or employees in the ownership, operation, management, maintenance, supervision, custody, possession, inspection and control of the aforesaid location and the work being done thereat in that they failed to provide the plaintiff with the necessary equipment to perform his job; in failing to provide the plaintiff with a safe place to work as required by law; in failing to make proper and timely inspections of the work in progress and in failing to recognize the dangers existing thereat; in failing to properly and/or adequately supervise workers at said work site to ascertain that said work could be done in safety; in failing to make certain that plaintiff had proper and adequate work space; in failing to provide plaintiff with safe and proper equipment; in failing to protect against gravity related events; in failing to protect against falling objects; failed to keep all passageways free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping and slipping; failed to remove sharp projections which could cut or puncture any person to be removed or covered; failed to remove tripping hazards and slipping; failed to remove, sand or cover slippery substances to provide safe footing; failed to keep parts of floors, platforms and other similar area where persons work or pass free from accumulations of dirt and debris; failed to provide a secure work surface; failed to properly maintain the work surface; failed to provide safe passageway at the work site; failed to keep oily and greasy substances away from areas in which materials were unloaded; in failing to use the methods and customs commonly employed to prevent the happening of this accident; in violating certain sections of the Labor Law, the Rules of the Board of Standards and Appeal and the rules and regulations of OSHA; in allowing all of the foregoing to exist with notice and failed to exercise reasonable care at the site all without any fault or lack of care on the part of the plaintiff contributing thereto.

Case 1:22-cv-07209-VSB   Document 1-1   Filed 08/24/22   Page 16 of 22

15.     That as a result of the aforesaid occurrence plaintiff Joseph McNamara sustained permanent injuries to his left knee, nerves and associated ligament and tendons and has been rendered sick, sore, lame and disabled and upon information and belief, all of these injuries are permanent; that he has been unable to pursue his usual occupational and recreational activities; he has been confined to bed and home for some time; he has been compelled to submit himself to hospital and medical care and attention and to incur various sums of money in an endeavor to cure or alleviate his injuries and he has been compelled to suffer physical pain, mental anguish, emotional distress and caused to suffer lost earnings.

16.     That this action falls within one or more of the exceptions set forth in C.P.L.R. 1602.

17.     That by reason of the foregoing, plaintiff Joseph McNamara has been damaged and the amount of damages sought exceeds the limits of all lower court, which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION ON
### BEHALF OF PLAINTIFF JOSEPH MCNAMARA

18.     Plaintiff repeats, reiterates and realleges each and every allegation contained in the First Cause of Action with the same force and effect as if the same were set forth more fully at length herein.

19.     That the defendant, its' agents, servants and/or employees failed to provide plaintiff with a safe place to work in violation of certain sections of the Labor Law, the Rules of the Board of Standards and Appeals, the rules and regulations of OSHA and they failed to provide plaintiff and others with a proper place to work as required; in failing to make certain that plaintiff had proper and adequate work space; in failing to provide plaintiff with safe and proper equipment; in failing to make proper and timely inspections of the work in progress and in failing to recognize the dangers existing thereat; in failing to properly and/or adequately supervise workers at said work site to

FILED: NEW YORK COUNTY CLERK 07/05/2022 11:06 AM
NYSCEF DOC. NO. 2    Case 1:22-cv-07209-VSB   Document 1-1   Filed 08/24/22   Page 17 of 22

INDEX NO. 451997/2022
RECEIVED NYSCEF: 07/05/2022

ascertain that said work could be done in safety; in failing to make certain that plaintiff had proper and adequate work space; in failing to provide plaintiff with safe and proper equipment; in failing to protect against gravity related events; in failing to protect against falling objects; failed to keep all passageways free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping and slipping; failed to remove sharp projections which could cut or puncture any person to be removed or covered; failed to remove tripping hazards and slipping; failed to remove, sand or cover slippery substances to provide safe footing; failed to keep parts of floors, platforms and other similar area where persons work or pass free from accumulations of dirt and debris; failed to provide a secure work surface; failed to properly maintain the work surface; failed to provide safe passageway at the work site; failed to keep oily and greasy substances away from areas in which materials were unloaded; in failing to use the methods and customs commonly employed to prevent the happening of this accident; in violating certain sections of the Labor Law, the Rules of the Board of Standards and Appeal and the rules and regulations of OSHA; in allowing all of the foregoing to exist with notice and failed to exercise reasonable care at the site all without any fault or lack of care on the part of the plaintiff contributing thereto.

20.    That by reason of the negligence of the defendant and its agents, violated Sections 200, 240 and 241(6) of the Labor Law of the State of New York.

21.    That by reason of the foregoing, plaintiff has been damaged and the amount of damages sought exceeds the limits of all lower courts, which would otherwise have jurisdiction.

WHEREFORE, plaintiff demands judgment against the defendant in the First Cause of Action and in the Second Cause of Action together with the costs, interest and disbursement of this action.

Dated: Queens, New York
       August 6, 2021

KAZMIERCZUK & MC GRATH

By:   Joseph Kazmierczuk
      Attorneys for Plaintiff
      103-16 Metropolitan Avenue
      Forest Hills, NY 11375
      (718) 441-5460

To:   Triborough Bridge and Tunnel Authority
      2 Broadway
      New York, New York 10038

## ATTORNEY'S VERIFICATION

Joseph Kazmierczuk, an attorney admitted to practice in the Courts of the State of New York, states:

That I am a member of the law office of Kazmierczuk & McGrath, attorneys of record for the plaintiff, Joseph McNamara.

That I have read the annexed Summons and Verified Complaint, and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason I make this affirmation instead of the plaintiff is that said plaintiff is not presently within the County wherein affirmant maintains his offices.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: Queens, New York
August 6, 2021

_____
Joseph Kazmierczuk

Index No. 157369 /21

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------------------------

JOSEPH MCNAMARA

                                   Plaintiff,

              -against-

TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY,

                                   Defendant.

----------------------------------------------------------------------------

SUMMONS AND VERIFIED COMPLAINT

----------------------------------------------------------------------------

*KAZMIERCZUK & McGRATH*
**Attorneys for Plaintiff**
**103-16 Metropolitan Avenue**
**Forest Hills, NY 11375**
**(718) 441-5460**

----------------------------------------------------------------------------

Case 1:22-cv-07209-VSB   Document 1-1   Filed 08/24/22   Page 21 of 22

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** NEW YORK
-----------------------------------------------------------------x
JOSEPH MCNAMARA

Plaintiff/Petitioner,

- against -

TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY

Index No. 157369/21

Defendant/Respondent.
-----------------------------------------------------------------x
**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically

  - free access to view and print your e-filed documents

  - limiting your number of trips to the courthouse

  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: August 6, 2021

| | |
|---|---|
| Katherine M. McGrath | 103-16 Metropolitan Avenue |
| Name | Address |
| Kazmierczuk & McGrath | |
| | Forest Hills, New York 11375 |
| Firm Name | |
| | (718) 441-5460 |
| | Phone |
| | kathjoewil@aol.com |
| | E-Mail |

To:   TBTA

6/6/18